IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORENA AMARILLO and LISA BONDI,<br><br>                        Plaintiffs,<br><br>       v.<br><br>ARTIS SENIOR LIVING<br>MANAGEMENT LLC and ARTIS SLM<br>OF LAKEVIEW, LLC,<br><br>                        Defendants. | No. 21 CV 2422<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM ORDER**

Plaintiffs Lorena Amarillo ("Amarillo") and Lisa Bondi ("Bondi") (together, "Plaintiffs") filed a Motion to Compel Defendants' Discovery Responses [ECF No. 26] ("Plaintiffs' Motion" or "the Motion") that is fully briefed and ripe for decision. After Plaintiffs filed their Motion, Defendants produced additional documents responsive to certain written discovery requests covered by Plaintiffs' Motion. This Memorandum Order addresses only the disputes Plaintiffs identify as live disputes in their Reply in Support of the Motion [ECF No. 33] after Defendants' supplemental productions. For the reasons discussed below, Plaintiffs' Motion is granted in part and denied in part.

    **I.**    **Documents Relating to Decision Makers (Requests for Production ("RFPs") Nos. 16 and 22**

The Motion is denied with respect to documents sought by RFP No. 16 that relate to the hiring of Michael Zywicki ("Zywicki") by either Defendant Artis Senior Living Management, LLC ("Artis") or Defendant Artis SLM of Lakeview, LLC ("Artis

Lakeview") (together, "Defendants"). Defendants say they have produced all responsive documents they have found relating to Zywicki's hiring. Plaintiffs believe additional responsive documents exist somewhere, and they speculate Defendants and their counsel have not looked hard enough or in the right places for them. Defendants deny they have not produced responsive documents in their possession, custody, or control.

The Court cannot compel Defendants to produce documents they say they do not have. *Bilek v. Nat'l Cong. of Emps., Inc.,* 2021 WL 25543, at *4 (N.D. Ill. 2021) (citing *Lowe v. CVS Pharmacy, Inc.,* 2015 WL 13427768, at *4 (N.D. Ill. 2015)). At this juncture, the Court needs to take Defendants at their word that they have no additional responsive documents after conducting a reasonable search. This does not prevent Plaintiffs from attempting to discover who hired Zywicki, Plaintiffs' immediate supervisor who allegedly had been accused of sexually harassing an employee at a prior job. Complaint, [ECF No. 1] at ¶ 10. Nor does it prevent Plaintiffs from asking questions at depositions designed to discover whether there is any truth to their allegation that Defendants knew Zywicki had a history of complaints similar to those made by Plaintiffs when he was hired.

The Court also denies Plaintiffs' request for an order requiring Defendants to produce an affidavit attesting to what they have done to search for responsive documents. Again, Plaintiffs are entitled to conduct discovery into the allegations in their complaint and, in doing so, they may discover other people with knowledge and/or potential repositories of additional documents. But the Court is not inclined to order Defendants to provide Plaintiffs with an affidavit telling them what Defendants

have done to respond to Plaintiffs' written discovery requests. And Plaintiffs cite no authority that holds the Court should enter such an order under the circumstances present here.

The Motion is granted in part with respect to Rich Heaney's ("Heaney") personnel file (RFP No. 22). Plaintiffs allege Heaney is Artis's Regional Vice President of Operations and Artis Lakeview's Human Resources Director. Complaint [ECF No. 1] at ¶ 15. In that capacity, Heaney is alleged to have been a decision maker in this case: he allegedly fired Amarillo. Complaint [ECF No. 1] at ¶ 21. In addition, Bondi allegedly complained to Heaney about Zywicki's conduct and Heaney allegedly promised to investigate, but never did, at least according to Plaintiffs. This inaction, in turn, contributed to the hostile environment that Bondi alleges resulted in her constructive termination. Complaint [ECF No. 1] at ¶¶ 31-35.

Plaintiffs also allege that other Artis Lakeview employees complained to Heaney about Zywicki's conduct and Heaney similarly did nothing about those complaints. In one instance, Heaney allegedly told an employee he did not care about that employee's complaints of sexual harassment by a supervisor other than Zywicki. Complaint [ECF No. 1] at ¶¶ 36-44. There is ample authority in the Seventh Circuit for the proposition that the personnel file for someone in Heaney's position is discoverable in a case like this. Plaintiffs' Motion [ECF No. 26], at 4-5 (citing *Brunker v. Schwan's Home Service, Inc.,* 583 F.3d 1004, 1010 (7th Cir. 2009); *Speller v. American Association of Neurological Surgeons*, 2021 WL 2186182, at *3 (N.D. Ill. 2021); *Digan v. Euro-Am. Brands, LLC,* 2012 WL 668993, at *5 (N.D. Ill. 2012); *Byers v. Illinois State Police,* 2002 WL 1264004, at *13 (N.D. Ill. 2002)). Defendants do not

3

address this case law cited by Plaintiffs. By not addressing Plaintiffs' argument, Defendants waived the right to do so and to oppose Plaintiffs' Motion on these grounds. *Ennin v. CNH Indus. Am., LLC,* 878 F.3d 590, 595 (7th Cir. 2017); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.,* 260 F.3d 742, 747 (7th Cir. 2001).

Instead of addressing Plaintiffs' argument head-on, Defendants argue generally the Court has discretion to limit broad discovery in employment discrimination cases. *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002). While that is true as a general matter, in the specific context of this case, the Court believes Heaney's personnel file may contain information that is relevant and proportional to the needs of this case within the meaning of Federal Rule of Civil Procedure 26(b)(1). Defendants, therefore, must produce it but without any personal medical or health information that may be in that file. The personnel file can be produced as confidential subject to the Confidentiality Order already entered in this case [ECF No. 25] which amply protects Defendants' and Heaney's interest in restricting dissemination of sensitive personnel information.

## II. Documents Relating to Defendants' Investigation into Plaintiffs' Complaints (RFP Nos. 25, 26)

Defendants have produced some documents called for by RFP Nos. 25 and 26, but Plaintiffs again believe more documentation exists that is not being produced or has not been located because Defendants have not conducted a reasonable search. Plaintiffs say, for example, they are surprised that no emails or other communications have been produced relating to the investigations that were conducted by Defendants both internally and with the assistance of a third-party

4

investigator. Plaintiffs say, in particular, they are surprised that an internal Artis Lakeview email referenced by the third-party investigator was not produced. Although Defendants say the email is in the exclusive possession of the third-party investigator, Plaintiffs say Artis Lakeview or Artis must have a copy of that email somewhere in their systems.

In this instance, it is not clear to the Court that Defendants have produced all responsive documents in their possession, custody, or control. For example, it does not make sense that Artis does not have a copy of an internal Artis email referenced by the third-party investigator. It also appears that Defendants' outside employment counsel was involved in some of the investigations referenced in the Complaint, but it is not clear that responsive documents, if any, in counsel's possession have been produced. Defendants' Response [ECF No. 32] at 4. Further, although Defendants say they have produced Heaney's entire investigation file, it is not clear whether Defendants have searched for responsive documents beyond that file, such as emails or other communications not contained in that investigation file, and whether such documents may exist. *Id.* Though the Court cannot order Defendants to produce documents they say they do not have, *Bilek*, 2021 WL 25543, at *4, the Court cannot tell in this instance whether Plaintiffs' speculation that additional documents responsive to RFP Nos. 25 and 26 may exist is unfounded based on how Defendants respond to that argument. Response [ECF No. 32] at 4-5. Defendants do not raise a relevance or burden argument here; they simply say or imply they have produced all responsive documents in their possession, custody, and control. If that is the case, then Defendants need do no more. If it is not, however, then more needs to be done.

5

Therefore, Plaintiffs' Motion is granted to the extent that Defendants must produce any non-privileged documents, including email or other communications, concerning their investigation of Plaintiffs' complaints of discrimination and harassment that have not yet been produced, if such documents exist and are in Defendants' possession, custody, or control. If Defendants are not producing any responsive documents based on the assertion of attorney client privilege, the work product doctrine, or any other privilege, then they must produce a privilege log for the documents being withheld pursuant to Rule 26(b)(5). In addition, nothing prevents Plaintiffs from attempting to subpoena any relevant documents that are responsive to RFP Nos. 25 and 26 that may be in the possession of third parties. Plaintiffs' request for an affidavit from Defendants attesting to what they have done to search for documents responsive to these RFPs is denied for the same reasons as explained above.

### III. Prior Complaints of Harassment and Retaliation (Interrogatory ("INT") No. 4 and RFP Nos. 27, 28)

Plaintiffs' Motion is denied to the extent they seek complaints made by residents at Defendants' facilities, whether at the Artis Lakeview facility or any of the other facilities Plaintiffs allege Artis owns in 11 states across the country. Complaint [ECF No. 1] at ¶ 6 (Artis owns 20 facilities in 11 states). This case is about Plaintiffs' claims of discrimination at Artis Lakeview. Moreover, Plaintiffs were employees, not residents, at Artis Lakeview. The Complaint alleges that other unnamed employees at Artis Lakeview suffered similar discrimination, harassment, or retaliation by Zywicki or Heaney on the basis of sex or sexual orientation. There

6

are no allegations about discrimination, harassment, or retaliation involving residents of the Artis Lakeview facility or any other Artis facility. Plaintiffs' "information and belief" that Heaney may be responsible for investigating complaints by residents as well as employees at Artis Lakeview and other Artis facilities where he has management responsibilities is not enough to open the door to the discovery concerning resident complaints that Plaintiffs are seeking, at least on the record developed to date. Plaintiffs' Reply [ECF No. 33] at 4. Whatever Heaney's role may have been with respect to resident complaints, he likely stands in a different position with respect to residents in Artis's facilities than he does with respect to Artis's employees as their supervisor. In the Court's view, the discovery Plaintiffs are seeking about residents is not relevant to the claims in this case or proportional to the needs of this case within the meaning of Rule 26(b)(1).

Complaints of discrimination, harassment, or retaliation based on sex or sexual orientation made by other employees at Artis Lakeview during the period of time that either Zywicki or Heaney were supervisors at that facility, however, are potentially relevant and proportional to the needs of the case. Zywicki is alleged to have engaged in discriminatory conduct against Plaintiffs and other Artis Lakeview employees who are identified anonymously in the Complaint. Heaney is alleged to have fostered an environment that permitted such discrimination, harassment, and retaliation against Artis Lakeview employees based on their sex or sexual orientation. Complaint [ECF No. 1] at ¶¶ 36-44. These allegations are more than sufficient to open discovery into other complaints of discrimination based on sex or sexual orientation at Artis Lakeview.

7

Plaintiffs also want Defendants to produce complaints of discrimination against Zywicki and/or Heaney by employees at Artis facilities other than Artis Lakeview. Zywicki, however, apparently worked only at Artis Lakeview. Plaintiffs say in their Reply brief that Heaney "oversees multiple Artis communities around the country" in his capacity as Artis's Regional Vice President of Operations and Artis Lakeview's Human Resources Director. Plaintiffs' Reply [ECF No. 33] at 4. That lone statement in a reply brief, to which Defendants did not have an opportunity to respond, is insufficient to support discovery into employee complaints of discrimination at Artis facilities other than Artis Lakeview. There are no allegations in the Complaint that flesh out Heaney's responsibilities, if any, at other Artis facilities or that otherwise indicate that discovery into employee complaints at other Artis facilities is relevant and proportional to the needs of this case within the meaning of Rule 26(b)(1). Therefore, the only discovery into other employee complaints of discrimination the Court is prepared to allow on this record is limited to Artis Lakeview.

Plaintiffs are correct that courts often approve a five year look back period for production of other employee complaints from the date the lawsuit was filed, and they apparently are asking for such a look back period here. Plaintiffs' Reply [ECF No. 33] at 4-5 (citing *Perry v. Illinois Central Railroad Co.,* 2014 WL 10742632, at *3 (N.D. Ill. 2014); *Glover v. Bd. of Educ.,* 2004 WL 785270, at *3 (N.D. Ill. 2004); *Leibforth v. Belvidere Nat'l Bank,* 2001 WL 649596, at *3 (N.D. Ill. 2001)). Zywicki, however, began his employment at Artis Lakeview at the end of March 2020 according to Defendants. Response [ECF No. 32] at 7. It is unclear when Heaney began working

8

for Artis. Therefore, the Court will grant Plaintiffs' motion to compel production of complaints of discrimination, harassment, or retaliation based on sex or sexual orientation made by employees at Artis Lakeview against Zywicki and Heaney covering a period of five years prior to the date Plaintiffs' complaint was filed or, if Heaney did not have managerial responsibility for Artis Lakeview employees' discrimination complaints during that entire period of time, then only for the period of time during which he had such responsibility. The Court assumes Zywicki was hired as a manager but if that is not the case, them Defendants need only produce employee complaints against him for the period during which he had management responsibility.

## IV. Documents Relating to Defendants' Net Worth (RFP No. 41)

Plaintiffs are correct that a defendant's net worth can be relevant to the issue of punitive damages. *Woods v. Cook County, Ill.,* 2014 WL 7261277, at *2 (N.D. Ill. 2014); *Challenge Aspen v. King World Prod. Corp.,* 2001 WL 1403001, at *3-4 (N.D. Ill. 2001). Defendants again do not engage with the legal authority Plaintiff's cite for that proposition and, therefore, have waived any argument to the contrary. *Ennin,* 878 F.3d at 595; *Cincinnati Ins. Co.,* 260 F.3d at 747.

The only thing Defendants say about Plaintiffs' request for net worth information is that Plaintiffs' request for "[a]ny and all documents reflecting Defendants' net worth" is too broad. RFP No. 41. Defendants are right about the breadth of Plaintiffs' original RFP, but they ignore that Plaintiffs have substantially narrowed their request to three years of financial statements and tax returns. Plaintiffs' Reply [ECF No. 33] at 7 n. 2. *See also Donald v. Wexford Health Services,*

9

*Inc.,* 266 F. Supp. 3d 1097, 1103 (C.D. Ill. 2017). Therefore, Plaintiffs' Motion is granted in this respect and Defendants shall produce three years of financial statements and tax returns for Artis Lakeview (if such information exists for that Defendant) and for Artis. That discovery is relevant and proportional to Plaintiffs' claim for punitive damages. The documents can be produced subject to the previously entered Confidentiality Order [ECF No. 25].

For all the reasons discussed above, Plaintiffs' Motion to Compel Defendants' Discovery Responses [ECF No. 26] is granted in part and denied in part. Defendants shall produce the documents the Court has ordered be produced within 21 days of the date of this Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 7, 2022